UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARIA DOLORES ACEVES-SANTOS,  )
Alien No. 92-716-932,  )
　)
Petitioner,  )
　)
v.  )
　)
DANIEL J. SEDLOCK, JR., Chief of  )   No. 08 CV 4550
Corrections, McHenry County Adult  )
Corrections Facility; KEITH NYGREN,  )   Judge John W. Darrah
Sheriff, McHenry County, Illinois;  )
GLEN TRIVELINE, Field Office  )
Director of Detention and Removal  )
Operations, Chicago Field Office,  )
Immigration and Customs Enforcement,  )
　)
Respondents.  )

## MEMORANDUM OPINION AND ORDER

Before the Court is Maria Dolores Aceves-Santos's ("Aceves") Petition for Writ of Habeas Corpus. Aceves is currently being held pending a final decision in her removal proceedings. For the reasons that follow, Aceves's Petition for Writ of Habeas Corpus is granted.

### FACTS

Aceves is a native and citizen of Mexico. She is also a lawful permanent resident of the United States. On August 8, 2003, Aceves was convicted of theft and was sentenced to six months of incarceration and given a one-year suspended sentence of incarceration. On July 18, 2005, Aceves was convicted of check deception and was given a one-year suspended sentence of incarceration. It also appears that Aceves was convicted of forgery in 2000.

1

The United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") initiated removal proceedings against Aceves on or about July 12, 2007. As a result of these proceedings and her aggravated felony convictions, ICE took Aceves into custody on or about August 22, 2007. Aceves has been detained by ICE in various county jails in Illinois and Kentucky since August 22, 2007. She has received treatment for her mental illness, schizo-affective disorder, bipolar type.[1]

Aceves's removal proceedings have followed a tortuous path. Between August 22, 2007 and September 26, 2007, Aceves appeared *pro se* at various "master calendar" hearings in immigration court. During these hearings, Aceves filed an application for Withholding of Removal. This application, if granted, would prevent Aceves's removal to her native Mexico. 8 U.S.C. § 1231(b)(3) (2006). It would not, however, preclude her removal from the United States to a country other than Mexico. *Id.* § 1231(b)(2)(E); *Al-Bareh v. Chertoff*, 552 F. Supp. 2d 794, 796–97 (N.D. Ill. 2008).

On January 16, 2008, Aceves was ordered removed from the United States by an Immigration Judge ("IJ"). The IJ also denied Aceves's application for Withholding of Removal.[2] On January 28, 2008, Aceves filed a notice of appeal with the Board of Immigration Appeals ("Board"). On April 17, 2008, the Board remanded Aceves's case to the IJ for

---

[1] Aceves argues that she has not received appropriate treatment for her mental illness because she has been administered an antidepressant named Remeron. She points out that Remeron is not FDA-approved to treat bipolar individuals. In contrast, before being taken into custody by ICE, Aceves was prescribed a medication named Abilify, a drug which Aceves claims was effective.

[2] Withholding of Removal is defined by 8 U.S.C. § 1231(b)(3), which states that the Attorney General may not remove an alien to a country if the Attorney General believes that the alien's life or freedom would be threatened in that country because of his or her race, religion, nationality, membership in a particular social group, or political opinion.

reconsideration of Aceves's requests for Withholding of Removal based on her fear of persecution related to her mental illness.

The first hearing on remand was on June 9, 2008. On that day, the Government requested leave to file a response to additional documents that Aceves had filed on May 30, 2008.[3] The IJ granted the Government's request and continued the case until July 2, 2008. Notwithstanding leave to file responsive documents, the Government failed to do so. On July 2, 2008, the IJ continued Aceves's case until August 4, 2008 to issue a decision. On August 4, 2008, the IJ again ordered that Aceves be removed to Mexico. The IJ, however, also granted Aceves's application for Withholding of Removal. The Government has filed a Notice of Appeal of that decision with the Board. On August 11, 2008, Aceves filed the instant Petition for Writ of *Habeas Corpus* with the Court.

## ANALYSIS

Aceves argues that her continued detention "violates due process," presumably the Due Process Clause of the Fifth Amendment of the United States Constitution. She claims that her detention "bears no reasonable relation to a legitimate governmental purpose and has been imposed without even the most minimal procedural safeguards." For support, Aceves relies primarily on *Zadvydas v. Davis*, 533 U.S. 678 (2001) (*Zadvydas*). In response, the Government argues that Aceves's detention is mandatory, pursuant to 8 U.S.C. § 1226(c)(1)(B) (2006), and relies primarily on *Demore v. Kim*, 538 U.S. 510 (2003) (*Demore*).

There is a critical distinction between *Zadvydas* and *Demore*. *Zadvydas* dealt with the constitutionality of 8 U.S.C. § 1231, "which governs detention *following a final order of removal*." *Demore*, 538 U.S. at 526 (emphasis added). In contrast, *Demore* dealt with the

---

[3] Additional documents, like the ones Aceves filed, must be filed at least ten (10) days prior to an individual hearing. Aceves complied with this rule.

constitutionality of 8 U.S.C. § 1226(c), which "governs detention of deportable criminal aliens *pending their removal proceedings.*" *Id.* at 527–28. In this case, Aceves is being held pursuant to 8 U.S.C. § 1226(c) because a final order of removal has not yet been entered in her case. Indeed, although Aceves has been ordered removed, the Government is seeking review of the IJ's decision to also grant Aceves a Withholding of Removal. Consequently, Aceves is not subject to a final order of removal, and, therefore, her reliance on the holding of *Zadvydas* is misplaced. Rather, *Demore* controls this case.

In *Demore*, the Supreme Court held that "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Demore*, 538 U.S. at 531. The Petitioner in *Demore* was a citizen of the Republic of South Korea and a lawful permanent resident of the United States. *Id.* at 513. He was convicted of first-degree burglary and was detained by the Government pursuant to 8 U.S.C. § 1226(c) pending his removal hearing. *Id.* After determining that it had jurisdiction to hear Demore's petition for Writ of *Habeas Corpus*, *Id.* at 517, the Court determined that Congress mandated detention of aliens during their removal proceedings because too many criminal aliens who were released on bond prior to the completion of their removal proceedings failed to appear for their removal hearings. *Id.* at 519–20. The Court specifically noted its long-held understanding that "[i]n the exercise of its broad power over naturalization and immigration, Congress regularly makes rules that would be unacceptable if applied to citizens." *Id.* at 521. The Court concluded that "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." *Id.* at 523. Specifically, the Court noted that detention under 8 U.S.C. § 1226(c) has a definite terminating point, namely, the date on which a final determination of removal is made. *Id.* at 529.

Although *Demore* controls this case, its rationale does not, as the Government suggests, "direct[] the result of this case." The Court cannot simply deny Aceves's Petition for Writ of Habeas Corpus because the Supreme Court has *authorized* mandatory detention of aliens pending a final order of removal. In both *Demore* and *Zadvydas*, the Supreme Court repeatedly emphasized the relatively short periods of time during which the petitioners in those cases would be detained. *See, e.g., Demore*, 538 U.S. at 530 ("In sum, the detention at stake under § 1226(c) lasts roughly a month-and-a-half in the vast majority of cases in which it is invoked, and about five months in the minority of cases in which the alien chooses to appeal."); *Zadvydas*, 533 U.S. at 689 ("In our view, the statute, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention.").

In this case, Aceves's detention has lasted over one year. As the United States Court of Appeals for the Seventh Circuit noted, it is not true "that an alien never has a right to release from immigration custody before he is subjected to a final order of removal. Inordinate delay before the order was entered might well justify relief, with *habeas corpus* the appropriate vehicle for obtaining it...." *Hussain v. Mukasey*, 510 F.3d 739, 743 (7th Cir. 2007) (*Hussain*) (citing *Ly v. Hansen*, 351 F.3d 263, 271–73 (6th Cir. 2003)) (citation omitted). The Seventh Circuit noted the "considerable paradox to confer a constitutional or quasi-constitutional right to release on an alien ordered removed (*Zadvydas*) but not on one who might have a good defense to removal." *Id.* At this time, the length of Aceves's detention may constitute a violation of the Fifth Amendment's Due Process Clause.

But for one appeal that Aceves filed, the Government has prolonged Aceves's detention through appeals and, at times, inaction. This is significant because the Supreme Court has

5

specifically noted that in the few cases where detention under 8 U.S.C. § 1226(c) lasts over roughly a month-and-a-half, it is usually the detainee who prolongs the removal proceedings. *Demore*, 538 U.S. at 530. This suggests that a detainee who prolongs her own removal proceedings may be less entitled to *habeas corpus* review than a detainee whose prolonged detention is the result of Government delay or inaction, as here appears to be the case. Thus, Aceves's Petition for Writ of *Habeas Corpus* is reasonable and "the appropriate vehicle for obtaining" review of her continued detention. *Hussain*, 510 F.3d at 743.

## CONCLUSION

Aceves challenges the Constitutionality of her continued detention. Based on the length of Aceves's detention to date, as well as the Government's conduct in her removal proceedings, Aceves's Petition for Writ of *Habeas Corpus* is granted. The case is set for status and scheduling for hearing on December 4, 2008 at 10:00 a.m.

Dated: December 2, 2008

JOHN W. DARRAH
United States District Judge